IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3019-CR-S-DGK |
| ) | |
| JUAN VENTURA-VERA, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S SUCCESSIVE § 2255 MOTION**

Defendant Juan Ventura-Vera, who is currently incarcerated in federal prison, has filed a "Motion to Preserve an Issue(s) Pursuant to the Recent United States Supreme Court's Decision in *Descamps v. United State*[*s*]" (Doc. 116), since amended (Doc. 127). As explained below, the motion and a certificate of appealability are DENIED.[1]

**Background**

On June 8, 2006, Defendant appeared before the late United States District Judge Richard E. Dorr and pled guilty to a count of possessing cocaine with the intent to distribute. Judge Dorr, finding Defendant to be a career offender under United States Sentencing Guidelines § 4B1.1, sentenced him to 200 months' imprisonment. Defendant appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit dismissed his appeal as untimely. *See United States v. Ventura-Vera*, No. 07-2221 (8th Cir. June 11, 2007). On May 8, 2008, Defendant collaterally attacked his sentence with a motion filed under 28 U.S.C. § 2255. Judge Dorr denied the motion as untimely. *See Ventura-Vera v. United States*, No. 08-3174-CV-S-

---

[1] Because Defendant's claim is facially inadequate, the Court decides this motion without an evidentiary hearing. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

RED, Doc. 20 (W.D. Mo. Sept. 22, 2008).  The Eighth Circuit affirmed this order.  *See Ventura-Vera v. United States*, No. 08-3572 (8th Cir. Jan. 5, 2009), *cert. denied*, 557 U.S. 914 (2009).

## Discussion

Defendant has now filed a "Motion to Preserve an Issue(s) Pursuant to the Recent United States Supreme Court's Decision in *Descamps v. United State*[*s*]".  Because this motion is an impermissible second § 2255 motion, the Court must reject it.

A prisoner in custody for violating a federal law may move the district court under 28 U.S.C. § 2255 "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  A prisoner may not file a second or successive § 2255 motion unless:

> a panel of the appropriate court of appeals [certifies the motion pursuant to 28 U.S.C. § 2244] to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255(h).  The prisoner must obtain this order directly from the Court of Appeals.  Rules Governing Section 2255 Proceedings, Rule 9.

Defendant has already filed one § 2255 motion, so the Court must determine whether the pending motion is a second § 2255 motion and thus subject to the § 2255(h) appellate certification requirement.  Defendant styles his motion as, alternately, a motion to preserve an issue, and a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b)(6).  Whatever its title, the motion argues that a recent decision of the Supreme Court of the United States, *Descamps v. United States*, 133 S. Ct. 2276 (2013), invalidates Defendant's classification as a career offender.  As he is not a career offender, Defendant argues, he merits a more

favorable sentence than the one he received. Essentially, his motion seeks relief in the form of re-sentencing. The motion is, therefore, functionally a § 2255 motion. *Cf. Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002) (requiring district courts to give notice before reclassifying a prisoner's motion as a *first* § 2255 motion). Such a motion requires certification from the Eighth Circuit, but Defendant has not obtained any such certification. Defendant thus does not meet the requirements for bringing this motion.

Defendant attempts to sidestep this rule by citing Rule 60(b)(6) and *Parks v. United States*, No. 4:12CV01294 ERW, 2014 WL 3939744 (E.D. Mo. Aug. 12, 2014). In that case, the prisoner's first § 2255 motion was pending when the Supreme Court issued *Descamps*. The court denied the motion without discussing or applying *Descamps*. When the prisoner brought *Descamps* to the court's attention afterward, the court granted a re-sentencing under Rule 60(b) because it believed it had erred in deciding the first § 2255 motion without considering *Descamps*.

*Parks* is distinguishable because the judge in *Parks* was reconsidering his order on the prisoner's first § 2255 motion, not entertaining a second § 2255 motion. Here, when Judge Dorr denied Defendant's original § 2255 motion in 2008 for being untimely, he was not ignoring any new Supreme Court case. Accordingly, there is no error of law in the original § 2255 order for this Court to now reconsider. Rather, to achieve the relief he seeks, Defendant has necessarily filed a new § 2255 motion, which he cannot do without appellate authorization.

To be fair, Rule 60(b), on its face, appears to grant the Court wide discretion to re-sentence Defendant. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court *may* relieve a party . . . from a final judgment, order, or proceeding . . . ." (emphasis added)). But Congress has developed a specific procedure for federal prisoners to seek habeas relief on the basis of new

Supreme Court cases, *see* 28 U.S.C. § 2255(h)(2), so the Court defers to that system. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure."). Under that system, to proceed with a successive § 2255 motion, Defendant must obtain authorization from the Eighth Circuit. This he has failed to do.

Defendant is statutorily barred from bringing this motion, and the motion is DENIED.

When the district court enters a final order adverse to a § 2255 petitioner, it must grant or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). Because Defendant has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

## Conclusion

The motions (Docs. 116, 127) and a certificate of appealability are DENIED.

**IT IS SO ORDERED.**

    /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Date:   December 18, 2014